# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

Case No.:  6:24-CR-129-RBD-DCI

UNITED STATES

v.

GIOVANY JOEL CRESPO HERNANDEZ

_____/

## MOTION TO SUPPRESS FRUITS OF UNLAWFUL SEARCH & SEIZURE

Defendant Giovany Joel Crespo Hernandez ("Crespo"), by and through undersigned counsel, hereby moves to suppress the fruits of an unlawful search and seizure, and in support states as follows:

### I.   FACTUAL SUMMARY

On April 17, 2024, officers responded to 1440 Guinevere Drive during a canvass of the neighborhood while conducting an active investigation. Crespo resides at the residence. Officers approached the front door of the residence and knocked. Crespo opened the door. Officers assert they smelled the odor of burnt cannabis emanating from the interior of the residence. Officers briefly spoke to Crespo when he stepped outside and closed the door behind him. A short time later a female exited the residence. Neither Crespo or the female were actively smoking or holding any smoking device in their hands. Due to the language barrier, officers left but maintained surveillance of the residence. Shortly after, Crespo and the female exited the residence and entered a vehicle. Officers approached the vehicle. Neither officer detected the odor of cannabis emanating from the interior of the vehicle or from Crespo or the female's person. Officers believed neither of them were the ones who were smoking cannabis. Thereafter officers searched the Florida Medical Marijuana Use Registry. It was determined Crespo holds a

valid medical marijuana prescription. The female did not. Thereafter, an officer applied for a search warrant of the residence based solely on the smell of cannabis by both officers.

The Fourth Amendment of the United States Constitution reads as follows:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

The United States Supreme Court has stated the following:

> It is thus perfectly clear that the evil the Amendment was designed to prevent was broader than the abuse of a general warrant. Unreasonable searches or seizures conducted without any warrant at all are condemned by the plain language of the first clause of the Amendment. Almost a century ago the Court stated in resounding terms that the principles reflected in the Amendment "reached farther than the concrete form" of the specific cases that gave it birth, and "apply to all invasions on the part of the government and its employés of the sanctity of a man's home and the privacies of life." *Boyd v. United States*, 116 U.S. 616, 630, 6 S.Ct. 524, 532, 29 L.Ed.2d 746. Without pausing to consider whether that broad language may require some qualification, it is sufficient to note that the warrantless arrest of a person is a species of seizure required by the Amendment to be reasonable. *Beck v. Ohio*, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142. Cf. *Delaware v. Prouse*, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660. Indeed, as Mr. Justice POWELL noted in his concurrence in *United States v. Watson*, the arrest of a person is "quintessentially a seizure." 423 U.S., at 428, 96 S.Ct., at 830. The simple language of the Amendment applies equally to seizures of persons and to seizures of property. Our analysis in this case may therefore properly commence with rules that have been well established in Fourth Amendment litigation involving tangible items.

*Payton v. New York*, 445 U.S. 573, 585-586 (1980). "[W]hen it comes to the Fourth Amendment, the home is first among equals. At the Amendment's 'very core' stands 'the right of a man to retreat into his own home and there be free from unreasonable governmental intrusions.'" *Florida v. Jardines*, 569 U.S. 1, 6 (2013).

      A.      *Fruit of Poisonous Tree*

The search warrant for the residence was based on an affidavit which lacks probable cause. The subsequent search of the residence and the evidence collected is fruit of the poisonous tree. When so reviewing the issuance of a warrant based on a probable cause affidavit, a court is confined to a consideration of the four corners of the probable cause affidavit unless a good faith exception applies. "The good faith exception requires the court to consider whether a reasonably well-trained officer would know that the warrant was illegal despite the magistrate's authorization. *U.S v Leon*, 468 U.S. 897 at 922 n.23. ***The question posed here is whether the court, in deciding whether the execution of the search warrant was reasonable, may consider information known to other officers that was not presented in the initial search warrant application or affidavit.*** *U.S. v. Martin*, 297 F.3d 1308, 1318 (11th Cir. 2002). (Emphasis Added) Here, the four corners of the affidavit states officers smelled the odor of burnt cannabis emanating from the interior of the residence. Officers spoke to Crespo and a female when they stepped outside. Neither Crespo or the female were actively smoking or holding any smoking device. Crespo and the female exited the residence and entered a vehicle. Neither officer detected the odor of cannabis emanating from the interior of the vehicle or from Crespo or the female's person. Officers believed neither of them were the ones who were smoking cannabis. There is no evidence anyone else was in the residence. It was determined Crespo has a valid Florida Medical Marijuana prescription. In this case, there is no evidence and/or information known to other officers that were not presented in the initial search warrant. Based on the facts, the good faith exception is not applicable. There is no way probable cause could be established to secure a search warrant for the residence.

Because the evidence from the residence is fruit of the poisonous tree, it should be excluded.

> The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."

> Because officers who violated the Fourth Amendment were traditionally considered trespassers, individuals subject to unconstitutional searches or seizures historically enforced their rights through tort suits or self-help. Davies, Recovering the Original Fourth Amendment, 98 Mich. L. Rev. 547, 625 (1999). In the 20th century, however, the exclusionary rule—the rule that often requires trial courts to exclude unlawfully seized evidence in a criminal trial—became the principal judicial remedy to deter Fourth Amendment violations. See, e.g., Mapp v. Ohio, 367 U. S. 643, 655 (1961).
>
> Under the Court's precedents, the exclusionary rule encompasses both the "primary evidence obtained as a direct result of an illegal search or seizure" and, relevant here, "evidence later discovered and found to be derivative of an illegality," the so-called "'fruit of the poisonous tree.'" Segura v. United States, 468 U. S. 796, 804 (1984). But the significant costs of this rule have led us to deem it "applicable only . . . where its deterrence benefits outweigh its substantial social costs." Hudson v. Michigan, 547 U. S. 586, 591 (2006).

*Utah v. Strieff*, 579 U.S. 232, 237, (2016).

WHEREFORE, Crespo requests this Court to grant the motion and suppress any and all evidence from the illegal search and seizure, and any other evidence which is fruit of the poisonous tree, and any other such relief the Court deems necessary and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronic delivery this 19th day of August 2024, to the assigned Assistant State Attorney.

/s/ Charles E. Taylor, Jr.
Charles E. Taylor, Esquire
Florida Bar No.: 0529321
Attorney for Defendant
Law Offices of Charles E. Taylor, Jr., P.A.
37 North Orange Avenue, Suite 500
Orlando, Florida  32801
407- 244-5997 office
407-614-1600  fax
Charles@attorneytaylor.com